UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-CV-1760-JAM |
| ) | |
| HOMERO JOSHUA GARZA, ) | |
| GAW MINERS, LLC, and ) | |
| ZENMINER, LLC (d/b/a ZEN CLOUD), ) | |
| ) | |
| Defendants. ) | |

## 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** December 1, 2015

**Date Complaint Served:** on defendants Gaw Miners, LLC and ZenMiner, LLC – December 4, 2015; on defendant Garza - December 28, 2015

**Date of Defendants' Appearance**: defendants Gaw Miners, LLC and ZenMiner defaulted and the Commission moved for default judgments on February 12, 2016; defendant Garza answered the Complaint on February 7, 2017

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 21, 2017. The participants were:

Kathleen Shields and Gretchen Lundgren for plaintiff Securities and Exchange Commission (the "Commission")

Marjorie Peerce for defendant Homero Joshua Garza ("Garza").

1

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' current claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

**A. Subject Matter Jurisdiction**

The court has subject matter jurisdiction over this matter, which alleges violations of the federal securities laws, pursuant to Sections 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77t(d), 77v(a)] and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78u(d), 78u(e), 78aa]. Subject matter jurisdiction is not contested.

**B. Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.   Brief Description of the Case**

**A. Plaintiff's Claims**

The Commission claims that Garza violated the anti-fraud provisions of the Securities Act (Section 17(a)) and the Exchange Act (Section 10(b) and Rule 10b-5) and also offered and sold unregistered securities in violation of the registration provisions of the Securities Act (Sections 5(a) and (c)). The Commission claims that Garza's violations relate to his sale of investment contracts, that he named Hashlets, to more than 10,000 investors. While Hashlets

purported to entitle their purchasers to a share of the profits from Garza and his companies' virtual currency mining operations, defendants sold far more Hashlets worth of computing power than they possessed. Garza and his companies also made numerous false and misleading statements about their virtual currency mining operations to potential and actual investors. As a result of these violations, the Commission seeks permanent injunctive relief, and an award of monetary remedies, including disgorgement, prejudgment interest and a civil penalty.

### B. Defendant Garza's Defenses and Claims

As indicated in defendant Garza's Answer to the Complaint, he has respectfully declined to answer the allegations set forth in the Complaint, based on his rights under the Fifth Amendment to the United States Constitution. Defendant reserves the right, however, to amend his Answer as well as his response in this case management order and assert any appropriate defenses and claims upon the resolution of any criminal investigation or related proceedings.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Due to defendant Garza's fifth amendment assertion the parties are unable to address this point at this time.

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases to account for the fact that this case was stayed for an extended period of time. Specifically, the parties request that the time frames in the Standing Order run from the date of

defendant's Answer to the Complaint, rather than from the filing of the Complaint such that the following dates apply:

Date in paragraph 2(b): April 7

Date in paragraph 2(c): May 8

Date in paragraph 2(d): August 7 – deadline for fact discovery

Date in paragraph 2(e): December 7 (to allow for a period of expert discovery following the close of fact discovery)

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties are engaged in settlement discussions. The parties will notify the Court promptly if the matter is settled. The parties do not request an early settlement conference.

2. The parties prefer a settlement conference with a magistrate judge.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until April 7, 2017 to file motions to join additional parties and until April 7, 2017 to file motions to amend the pleadings.

2. Defendant should be allowed until May 7, 2017 to file motions to join additional parties and until May 7, 2017 to file any motions in response to the complaint.

**E.   Discovery**

a. The Commission anticipates that discovery will be needed on the following subjects: sales and marketing of Hashlets, communications to actual and potential investors about GAW Miners' and Zenminer's products, the creation of GAW Miners and Zenminer, the creation and development of GAW Miners' and Zenminer's products, including Hashlets, hosted mining and HashStakers, GAW Miners' and Zenminer's mining operations, payouts to investors in Hashlets and in GAW Miners' and Zenminer's other products, assets controlled by Garza, virtual currency transactions by Garza and/or his family member and/or employees of his companies. Without waiving his fifth amendment privilege defendant's counsel believes that discovery will be needed on all allegations in the complaint.

b. The parties will provide initial disclosures by April 4, 2017. Defendant Garza's will be a fifth amendment filing

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by April 4, 2017 and completed (not propounded) by November 7.

d. Discovery will not be conducted in phases as to particular factual issues.

e. Fact discovery will be completed by August 7, 2017.

f. The parties anticipate that plaintiff will require a total of 10 depositions of fact witnesses, and without waiver of his fifth amendment rights the defendant will require a total of 10 depositions as well. The depositions will be completed by August 7, 2017.

g. The parties will not request permission to serve more than 25 interrogatories.

h. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 7, 2017. Depositions of any such experts will be completed by November 7, 2017.

i. If the case is not settled Defendant's counsel expects that he would call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 7, 2017. Depositions of any such experts will be completed by November 7, 2017.

j. A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 7, 2017.

k. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The Commission will produce to defendant all electronically stored information it collected from third parties during the course of its investigation in the format in which the Commission currently maintains those materials. Notwithstanding his fifth amendment invocation and without waiving it, Defendant Garza agrees to preserve all potentially relevant electronically stored information in his possession, custody or

control.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties have agreed that they will work together in good faith to implement the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

### F.     Dispositive Motions

Dispositive motions will be filed on or before December 7, 2017.

### G.     Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by one month after the Court's ruling on dispositive motions if any.  If no dispositive motions are filed, and the case is not settled, the joint trial memorandum will be filed by January 5, 2018..

## VI.    Trial Readiness

The case will be ready for trial by two months after the Court's ruling on dispositive motions, if any, or otherwise, by February 12, 2018.

As officers of the court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

SECURITIES AND EXCHANGE COMMISSION
By its attorneys,

/s/ Kathleen B. Shields
Kathleen B. Shields (Mass. Bar No. 637438, phv 04710)
Gretchen Lundgren (Mass. Bar No. 644742)
Michele Perillo (Mass. Bar No. 629343)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8904 (Shields direct)
(617) 573-4590 (fax)
shieldska@sec.gov (Shields email)


HOMERO JOSHUA GARZA,
By his attorneys,

BALLARD SPAHR LLP

/s/ Marjorie J. Peerce
Marjorie J. Peerce (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-223-0200
Fax: 212-223-1942
peercem@ballardspahr.com

## CERTIFICATE OF SERVICE

I, Kathleen Shields, hereby certify that on March 24, 2017, I caused a true copy of the foregoing sealed document to be filed through the ECF system and, accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

/s/ Kathleen Shields
Kathleen Shields