# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>HOMERO JOSHUA GARZA, GAW MINERS, LLC, and ZENMINER, LLC (d/b/a ZEN CLOUD),<br>    *Defendants*. | No. 3:15-cv-01760 (JAM) |

## ORDER FOR ENTRY OF DEFAULT JUDGMENT

Defendants GAW Miners, LLC and ZenMiner, LLC have failed to plead or otherwise defend in this action, and their default was entered on January 27, 2016 (Doc. #13). Plaintiff Securities and Exchange Commission has applied for default judgment under Fed. R. Civ. P. 55(b) and has submitted an affidavit in support therefor (Doc. #15). I conclude on the basis of my review of the complaint, affidavit, and other supporting materials that there is a reasonable and satisfactory factual basis for default judgment and that a further hearing is not warranted. I find that plaintiff has established liability as to both defendants, and that plaintiff has adequately supported its requests for permanent injunctive relief pursuant to 15 U.S.C. § 77t(b) and 15 U.S.C. § 78u(d)(1); disgorgement; and third-tier civil penalties pursuant to 15 U.S.C. § 77t(d)(2)(C) and 15 U.S.C. § 78u(d)(3)(B)(iii), as follows.

*Injunctive Relief*. I find that defendants engaged in, and are engaged in or are about to engage in acts that constitute violations of the Exchange Act and the Securities Act, and that a reasonable likelihood exists that violations will occur in the future. I therefore grant plaintiff's request for permanent injunctive relief restraining defendants from committing future violations of Section 10(b) of the Exchange Act, and Sections 5 and 17(a) of the Securities Act.

*Disgorgement*. I find that $10,078,331 reasonably approximates the profits causally connected to the defendants' violations of the Exchange Act and the Securities Act. I also conclude that pre-judgment interest in the requested amount of $305,768 is appropriate in order to deprive the defendants of the time value of money, and that the IRS underpayment rate is an appropriate level of interest. Because I find that defendants collaborated and did not maintain separate accounts, I find them jointly and severally liable for the disgorgement amount plus prejudgment interest.

*Civil Penalties.* After considering the facts and circumstances of this case, *see S.E.C. v. Milligan*, 436 Fed. Appx. 1, 3 (2d Cir. 2011), I conclude that civil penalties are warranted. I have found that a sufficient factual basis exists to show that at least one violation has occurred; that the violation(s) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and that the violation(s) directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons. *See* 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii). Because I have concluded that a third-tier penalty is appropriate, any penalty I impose may not exceed the gross amount of pecuniary gain to the defendants.

I agree with plaintiff that defendants' violations were serious, repeated, and large-scale. But I have little information about defendants' ability to pay, except for plaintiff's representations that defendants "presently may not have the funds to pay a judgment." Doc. #15-1 at 29. After considering the facts and circumstances of this case, and all relevant factors, I conclude that a civil penalty of $1,000,000 is appropriate as to each defendant. While I recognize that I may not impose civil penalties jointly and severally against multiple defendants, *see S.E.C. v. Pentagon Capital Management PLC*, 725 F.3d 279, 287–88 (2d Cir. 2013), I nevertheless

conclude that these defendants have each benefitted from the same dollar of gain and that the penalties assessed against each defendant will be identical. *See S.E.C. v. Cole*, 661 F. App'x. 52, (2d Cir. 2016). Therefore, it is hereby:

ORDERED, ADJUDGED, AND DECREED that defendants GAW Miners, LLC and ZenMiner, LLC are jointly and severally liable for disgorgement of $10,078,331 plus $305,768 prejudgment interest. Due to the passage of time since plaintiff's filing of the default motion, plaintiff may file a supplemental motion if it wishes to update the amount that should be paid in prejudgment interest. In addition, defendant GAW Miners, LLC shall pay a civil penalty in the amount of $1,000,000, and defendant ZenMiner, LLC shall pay a civil penalty in the amount of $1,000,000. Plaintiff may also recover post-judgment interest as provided by law.

Dated at New Haven, Connecticut this 29th day of May 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge