UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        )
SECURITIES AND EXCHANGE COMMISSION,     )
                                        )
                Plaintiff,              )
                                        )
        v.                              )          Case No. 3:15-CV-1760-JAM
                                        )
HOMERO JOSHUA GARZA,                    )
GAW MINERS, LLC, and                    )
ZENMINER, LLC (d/b/a ZEN CLOUD),        )
                                        )
                Defendants.             )
_____ )

## FINAL JUDGMENT AS TO DEFENDANTS
## GAW MINERS, LLC AND ZENMINER, LLC

Defendants GAW Miners, LLC and ZenMiner, LLC have failed to plead or otherwise

defend in this action and their default was entered on January 27, 2016 (Doc. No. 13).  Plaintiff

Securities and Exchange Commission has applied for a default judgment under Fed. R. Civ. P.

55(b) and has submitted an affidavit in support therefor (Doc. No. 15).  The Court concludes, on

the basis of its review of the complaint, affidavit, and other supporting material that there is a

reasonable and satisfactory factual basis for default judgment and that a further hearing is not

warranted.  The Court therefore finds that plaintiff has established liability as to both defendants,

and that plaintiff has adequately supported its requests for permanent injunctive relief pursuant to

15 U.S.C. §77t(b) and 15 U.S.C. §78u(d)(1); disgorgement, and third-tier civil penalties pursuant

to 15 U.S.C. §77t(d)(2)(C) and 15 U.S.C. §78u(d)(3)(B)(iii).   NOW THEREFORE, BASED ON

THE FOREGOING:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants GAW Miners and ZenMiner are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants GAW Miners and ZenMiner are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants GAW Miners and ZenMiner are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants GAW Miners and ZenMiner are jointly and severally liable for disgorgement of $10,078,331, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $305,768. In addition, defendant GAW Miners shall pay a civil penalty in the amount of $1,000,000, and defendant ZenMiner shall pay a civil

penalty in the amount of $1,000,000, both pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant GAW Miners shall satisfy its obligation by paying $11,384,099 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendant ZenMiner shall satisfy its obligation by paying $11,384,099 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; GAW Miners or ZenMiner's names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____May 31_____, 2017

/s/ Jeffrey Alker Meyer, USDJ
_____
UNITED STATES DISTRICT JUDGE