UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                        )
SECURITIES AND EXCHANGE COMMISSION,   )
                                                        )
                        Plaintiff,                      )
                                                        )
                v.                                      )          Case No. 3:15-CV-1760-JAM
                                                        )
HOMERO JOSHUA GARZA,                    )
GAW MINERS, LLC, and                    )
ZENMINER, LLC (d/b/a ZEN CLOUD),        )
                                                        )
                        Defendants.                     )
_____ )

**[PROPOSED]**
**FINAL JUDGMENT AS TO DEFENDANT HOMERO JOSHUA GARZA**

The Securities and Exchange Commission having filed a Complaint and Defendant

Homero Joshua Garza ("Garza" or "Defendant") having entered a general appearance; consented

to the Court's jurisdiction over Defendant and the subject matter of this action; consented to

entry of this Final Judgment; pled guilty to wire fraud in the related criminal case *United States*

*v. Homero Joshua Garza*, Crim. No. 17-cr-158-RNC, waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in

3

interstate commerce or of the mails to offer to sell or offer to buy through the use
or medium of any prospectus or otherwise any security, unless a registration
statement has been filed with the Commission as to such security, or while the
registration statement is the subject of a refusal order or stop order or (prior to the
effective date of the registration statement) any public proceeding or examination
under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and any entity he owns or controls, are permanently restrained and enjoined from directly or
indirectly participating in the issuance, offer, or sale of any security, provided however that such
an injunction shall not prevent Defendant from purchasing or selling securities solely for his own
account or the accounts of his spouse or minor children.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is liable for disgorgement of $9,182,000, representing sums gained as a result of the conduct
alleged in the Complaint, together with prejudgment interest thereon in the amount of $742,774,.
Defendant's payment of disgorgement is deemed satisfied by the order of restitution that will be

4

entered against him when he is sentenced in the related criminal case *United States v. Homero Joshua Garza*, Crim. No. 17-cr-158-RNC (D. Conn.).

Defendant shall satisfy his obligation to pay prejudgment interest by paying $742,774 to the Securities and Exchange Commission within six months after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Garza as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval, including a plan to remit the funds to the United States Attorney's Office for payment to the victims identified in the order of restitution that will be entered against defendant when he is sentenced in *United States v. Homero Joshua*

*Garza*.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the due date of Defendant's payments pursuant to this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____, 2017


_____
UNITED STATES DISTRICT JUDGE